J-S56044-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BRIAN KEITH BENNER, | |
| Appellant | No. 227 EDA 2017 |

Appeal from the PCRA Order November 16, 2016
in the Court of Common Pleas of Montgomery County
Criminal Division at No.: CP-46-CR-0000320-2008

BEFORE:  BOWES, J., STABILE, J., and PLATT, J.*

MEMORANDUM BY PLATT, J.:                     **FILED SEPTEMBER 29, 2017**

Appellant, Brian Keith Benner, appeals, *pro se*, from the order of November 16, 2016, dismissing, without a hearing, his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Because the petition is untimely without an applicable exception, we affirm.

We take the underlying facts and procedural history in this matter from this Court's August 18, 2010 memorandum and our independent review of the certified record.

> [Appellant] was charged with over ninety counts relating to child pornography.  He entered an open plea of guilty to ten of the counts on June 23, 2008. . . . [After an issue arose

_____

* Retired Senior Judge assigned to the Superior Court.

concerning the timeliness of the Commonwealth's notice of intent to seek the mandatory minimum sentence, the trial court held a hearing on the issue].

                              *    *    *

        . . . [Ultimately, the trial] court heard argument on the issue of whether the notice was untimely under [42 Pa.C.S.A. § 9718.2(d)]. By order filed on February 2, 2009, [the trial] court decreed that it would impose the mandatory minimum sentence upon proof of the facts required by subsection 9718.2(a), but also expressly granted [Appellant] leave to withdraw his guilty plea if he so desired. Because sentencing was not scheduled until [July 7], 2009, [Appellant] was given ample time to withdraw his open plea if he wished to do so. When the date for the sentencing hearing arrived, [Appellant] declined to withdraw his plea, and [the trial] court imposed concurrent mandatory minimum sentences.

(**Commonwealth v. Benner** No. 2329 EDA 2009, unpublished memorandum at *2-3 (Pa. Super. filed Aug. 18, 2010) (quoting Trial Court Opinion, 10/15/09, at 1-2) (footnote omitted)). On August 18, 2010, this Court affirmed the judgment of sentence. The Pennsylvania Supreme Court denied leave to appeal on February 9, 2011. (**See Commonwealth v. Benner**, 17 A.3d 1250 (Pa. 2011)).

On June 16, 2016, Appellant, acting *pro se*, filed the instant PCRA petition seeking to vacate his sentence pursuant to **Alleyne v. United States**, 133 S.Ct. 2151 (2013). The PCRA court appointed counsel on July 29, 2016.

On October 20, 2016, the PCRA court issued notice of its intent to dismiss the petition pursuant to Pennsylvania Rule of Criminal Procedure 907(1). On November 16, 2016, the PCRA court dismissed the petition as

untimely. On November 18, 2016, PCRA counsel submitted a petition to withdraw as counsel, attached to it was a **Turner/Finley**[1] letter.[2] On November 29, 2016, the PCRA court granted counsel's request to withdraw. On December 13, 2016,[3] Appellant filed a concise statement of errors complained of on appeal. **See** Pa.R.A.P. 1925(b). On January 3, 2017,[4] Appellant filed a notice of appeal.[5] On March 6, 2017, the PCRA court issued an opinion. **See** Pa.R.A.P. 1925(a).

---

[1] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[2] The **Turner**/**Finley** letter, which is addressed to the PCRA court is dated September 26, 2016. It appears that PCRA counsel sent a copy of the letter to Appellant that same day. (**See** Petition for Leave to Withdraw as Counsel, 11/18/16, at Exhibit A). It is not readily apparent why counsel, as is proper, did not file the **Turner**/**Finley** letter prior to the dismissal of the PCRA petition. However, it is clear that counsel did notify Appellant of his intent to withdraw and explained why the petition was untimely with no exceptions applying.

[3] December 13, 2016, is the date Appellant delivered the document to prison officials for mailing. "[T]he prisoner mailbox rule provides that a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing." **Commonwealth v. Chambers**, 35 A.3d 34, 38 (Pa. Super. 2011) (citation omitted).

[4] Again, this is the mailing date. **See Chambers**, **supra** at 38.

[5] We note that while Appellant filed his Rule 1925(b) statement *sua sponte*, he filed it within the thirty-day appeal period. He did not file his notice of appeal within that period. However, the rules for filing notices of appeal "shall be liberally construed to secure the just, speedy and inexpensive determination of every matter to which they are applicable." Pa.R.A.P. 105(a). It is evident that Appellant sought to obtain relief from the dismissal of his PCRA petition and thought that by filing the Rule 1925(b)
*(Footnote Continued Next Page)*

- 3 -

J-S56044-17

On appeal, Appellant raises the following questions for our review:

I. Did the [PCRA] court, Court of Common Pleas of Montgomery County, err as a matter of law when it determined that a new rule of law announced by the United States Supreme Court was not applicable to Appellant's judgement of sentence?

II. Was Appellant denied due process of law during collateral proceedings challenging the judgement of sentence?

III. Is [Appellant] serving illegal and unconstitutional sentences?

IV. [Are Appellant's] illegal and unconstitutional sentences subject to correction?

V. Does the sentencing court retain the power (jurisdiction) to correct illegal and unconstitutional sentences [Appellant] is serving?

(Appellant's Brief, at 5) (unnecessary capitalization omitted).

Our standard of review for an order denying PCRA relief is well-settled:

This Court's standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record. . . .

*Commonwealth v. Carter*, 21 A.3d 680, 682 (Pa. Super. 2011) (citations and quotation marks omitted). However, "if a PCRA [p]etition is untimely, a

_(Footnote Continued)_ ―――――――――

statement he was so doing, yet lacked the legal knowledge to realize that he first needed to file a notice of appeal. In the interest of judicial economy we will regard as done what ought to have been done and deem Appellant's Pa.R.A.P. 1925(b) statement as a timely filed notice of appeal. *See id.*; *see also Zitney v. Appalachian Timber Products, Inc.*, 72 A.3d 281, 285 (Pa. Super. 2013).

- 4 -

trial court has no jurisdiction to entertain the petition." ***Commonwealth v. Hutchins***, 760 A.2d 50, 53 (Pa. Super. 2000) (citations omitted).

Here, Appellant filed his PCRA petition on June 16, 2016. The PCRA provides that "[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). Appellant's judgment of sentence as to these matters became final on May 10, 2011, ninety days after the Pennsylvania Supreme Court denied leave to appeal and Appellant did not file a petition for a writ of *certiorari* with the United States Supreme Court. ***See*** U.S.Sup.Ct.R. 13. Because Appellant did not file his current petition until June 16, 2016, the petition is facially untimely. ***See*** 42 Pa.C.S.A. § 9545(b)(1). Thus, he must plead and prove that he falls under one of the exceptions at Section 9545(b) of the PCRA. ***See id.***

Section 9545 provides that the court can still consider an untimely petition where the petitioner successfully proves that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* at § 9545(b)(1)(i)-(iii). Further, a petitioner who wishes to invoke any of the above exceptions must file the petition "within [sixty] days of the date the claim could have been presented." *Id.* at § 9545(b)(2). The Pennsylvania Supreme Court has repeatedly stated that it is an appellant's burden to plead and prove that one of the above-enumerated exceptions applies. *See, e.g.*, *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008), *cert. denied*, 555 U.S. 916 (2008).

In the instant matter, Appellant appears to contend that his petition is timely under Section 9545(b)(1)(iii), specifically that the United States Supreme Court's decision in *Alleyne*, *supra* renders his sentence illegal. (*See* Appellant's Brief, at 8-14). Further, Appellant contends that the U.S. Supreme Court's decisions in *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016), and *Welch v. United States*, 136 S.Ct. 1257 (2016) render his PCRA petition timely. (*See id.*). We disagree.

Initially, we note that the fact that Appellant challenges the legality of his sentence does not allow him to evade the PCRA's timeliness requirements. In *Commonwealth v. Fahy*, 737 A.2d 214 (Pa. 1999), the Pennsylvania Supreme Court rejected this contention. The *Fahy* Court stated, "[a]lthough legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." *Id.* at 223 (citation omitted). Thus, Appellant cannot

elude the PCRA's timeliness requirements based on a claim of an illegal sentence. *See id.*

Moreover, "a new rule of constitutional law is applied retroactively to cases on collateral review only if the United States Supreme Court or the Pennsylvania Supreme Court specifically holds it to be retroactively applicable to those cases." *Commonwealth v. Whitehawk*, 146 A.3d 266, 271 (Pa. Super. 2016) (citation omitted). Neither Court has held that *Alleyne* is applied retroactively. Further, in a decision that post-dates *Montgomery* and *Welch*,[6] our Supreme Court has unequivocally held that *Alleyne* does not apply retroactively to cases pending on collateral review. *See Commonwealth v. Washington*, 142 A.3d 810, 820 (Pa. 2016).

Here, Appellant was sentenced in 2009. His judgment of sentence became final in 2011. Thus, this matter is clearly on collateral review, and his PCRA petition is facially untimely. Because *Alleyne* does not apply retroactively to cases on collateral review, it cannot afford Appellant relief. *See id.*; *see also Commonwealth v. Riggle*, 119 A.3d 1058, 1064 (Pa. Super. 2015); *Commonwealth v. Miller*, 102 A.3d 988, 995 (Pa. Super. 2014).

---

[6] Appellant does not point to any cases that have held that the decision in *Montgomery* or *Welch* renders *Alleyne* retroactive to cases on collateral review. (*See* Appellant's Brief, at 8-14).

Thus, Appellant's PCRA petition is untimely with no statutory exception to the PCRA time-bar applying. ***See Hutchins***, ***supra*** at 53. Accordingly, we affirm the order of the PCRA court.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


Date: *9/29/2017*